# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA N. BYRD, an individual; and STEVEN H. LUCORE, and individual,, <br><br> Plaintiff, <br><br> vs. <br><br> GUILD MORTGAGE COMPANY; CALIFORNIA HOUSING FINANCE AGENCY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-20, inclusive, <br><br> Defendant. | CASE NO. 11CV2204-WQH-WVG <br><br> ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss the Complaint (ECF Nos. 4, 5) and Motion for Telephonic Appearance at the Hearing on the Motion to Dismiss (ECF No. 6) filed by Defendants California Housing Finance Agency, Guild Mortgage Company, and Mortgage Electronic Registration Systems, Inc., and the Ex Parte Motion for Temporary Restraining Order (ECF No. 11) filed by Plaintiffs Tricia Byrd and Steven Lucore.

## BACKGROUND

On August 24, 2011, Plaintiffs filed a Complaint against Defendants in the California Superior Court for the County of San Diego, Case No. 37-2011-00096841. (ECF No. 1-3). On September 21, 2011, the case was removed to this Court by Defendants' Notice of

Removal. (ECF No. 1).

On September 29, 2011, Defendants filed a Motion to Dismiss. (ECF No. 4). On September 30, 2011, Defendants filed a Motion for Telephonic Appearance at the Hearing on the Motion to Dismiss (ECF No. 6).[1] On October 11, 2011, Plaintiffs filed an opposition to the Motion to Dismiss. (ECF No. 7). On October 24, 2011, Defendants filed a reply. (ECF No. 8).

On December 13, 2011, Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order ("Ex Parte Motion"). (ECF No. 11). On December 15, 2011, Defendants filed an opposition to the Ex Parte Motion. (ECF No. 13).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff Tricia Byrd acquired a condominium located at 5700 Baltimore Drive #101, La Mesa, California, by deed of trust recorded on September 7, 2007. (ECF No. 1-3 at 3). The deed included a promissory note in the amount of $180,400.00. *Id.* at 39-40. The deed identifies Plaintiff Byrd as the borrower, Guild Mortgage Company ("Guild") as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id.*

On April 26, 2011, an assignment of deed of trust was executed by MERS, purportedly assigning the deed and note to California Housing Finance Agency ("CHFA"). *Id* at 8. The assignment was forged and signed by a false representative of MERS who did not have authority to assign the company's interest. *Id.* at 8-9.

On April 28, 2011, CHFA recorded a notice of default claiming that Plaintiff Byrd was in default of her obligations under the deed and note. *Id.* The notice of default is invalid and void because it is based on the defective assignment. *Id.*

On May 31, 2011, Plaintiff Byrd mailed a qualified written request ("QWR") to Guild requesting information from the creditor. *Id.* at 8, 64-66. Guild responded by alleging that Plaintiff Byrd's letter did not constitute a QWR under the Real Estate Settlement Procedures Act ("RESPA"). *Id.* at 9, 70-71.

The Complaint asserts ten causes of action as follows: (1) cancellation of instruments;

---

[1] On September 30, 2011, Defendants also filed an Amended Motion to Dismiss adding the request for telephonic appearance to the notice of the motion. (ECF No. 5)

(2) violation of California Civil Code § 2923.5; (3) violation of California Civil Code § 2943; (4) violation of RESPA, 12 U.S.C. § 2605; (5) unfair business practices under California Business & Professions Code § 17200; (6) quasi contract; (7) failure to comply with condition precedent; (8) violation of California Civil Code § 1441; (9) violation of the Truth in Lending Act, 15 U.S.C. § 1641 ("TILA"); and (10) declaratory and injunctive relief.

## DISCUSSION

**I.   Motion to Dismiss the Complaint**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual

content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### A. Count Four: RESPA Violation

Defendants contend that Plaintiffs' cause of action for violation of RESPA fails to state a claim because Plaintiff Byrd's May 31, 2011 letter is not a QWR. (ECF No. 4-1 at 16). Defendants contend that the May 31, 2011 letter is not a QWR because it does not seek "information relating to the servicing of [a] loan" or include "a statement of reasons... that the account is in error" as required by RESPA under 12 U.S.C. § 2605(e)(1)(A) and (B)(ii). *Id.* Plaintiffs contend that the May 31, 2011 letter "made a legitimate dispute and requested the identity of [Byrd's] lender." (ECF No. 7 at 10).

RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower... for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). A qualified written request must either include a statement of the reasons for the belief of the borrower that the account is in error, or provide sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B). When a loan servicer receives a qualified written request, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable or cannot be obtained by the servicer. 12 U.S.C. § 2605(e)(2).

Plaintiffs allege that Defendant Guild "failed to respond in a proper and timely way to Plaintiff [Byrd]'s [May 31, 2011] QWR for information by failing to provide Plaintiff with the information requested in violation of 28 U.S.C. § 2605(e)." (ECF No. 1-3 at 8, 19). Plaintiffs attached the May 31, 2011 letter to the Complaint. *Id.* at 64-66. The QWR states that Guild "may have been accused of engaging in one or more predatory servicing or lending and servicing schemes" and that such practices "are targeting the uneducated and uninformed consumer and disadvantaged, poor, elderly and minority Americans." (ECF No. 1-3 at 64).

In the letter, Plaintiff Byrd seeks "understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debts, transactions, reversals, actions, payments, analyses and records related to the servicing of this account" and demands "absolute 1st hand evidence... of the original uncertificated or certificated security" for Plaintiff Byrd's account. *Id.*

Defendant Guild responded to Plaintiff Byrd's May 31, 2011 letter on June 7, 2011, stating that her letter "does not constitute a Qualified Written Request" because the letter "contains no identifiable error(s), let alone any statement of reasons to explain why [she] believe[s] an error has occurred." (ECF No. 1-3 at 70-71). This response was made within 20 days of receipt of Plaintiff Byrd's May 31, 2011 letter, in compliance with RESPA, 12 U.S.C. § 2605(e)(1)(A).

In this case, Plaintiff Byrd's May 31, 2011 letter purports to be a QWR but fails to state specific or legitimate reasons for Plaintiff Byrd's belief that her account is in error. Plaintiff Byrd makes general statements regarding unspecified accusations against Defendant Guild without alleging that such accusations or alleged conduct relates to errors with her account. Further, Plaintiff Byrd fails to provide sufficient detail to the servicer regarding the information sought, but vaguely seeks "understanding and clarification" regarding a broad list of account services and demands "evidence" of account security. The Court concludes that Plaintiffs have failed to allege sufficient facts to state a claim under RESPA for failure to provide information or respond to a QWR under 12 U.S.C. § 2605.

### 2.  Actual Damages

Defendants contend that Plaintiffs' cause of action for violation of RESPA fails to state a claim because Plaintiffs make no allegation that any damage resulted from the alleged lack of response to the May 31, 2011 letter. (ECF No. 4-1 at 16-17). Plaintiffs allege damages "including, but not limited to, loss of credit, pending foreclosure proceedings, emotional harm, embarrassment and humiliation" as a proximate cause of Defendant Guild's alleged noncompliance with the requirements of RESPA. (ECF No. 1-3 at 19). Plaintiffs request actual and statutory damages, costs, and attorneys fees. *Id.*

"Numerous courts have read Section 2605 [regarding qualified written requests] as

1 requiring a showing of pecuniary damages to state a claim." *Molina v. Washington Mutual Bank*, No. 09cv00894, 2010 WL 431439 at *7 (S.D. Cal. Jan. 29, 2010). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortgage Services, Inc.*, No. 09cv1916, 2009 WL 4505925 at * 3 (E.D. Cal. Nov. 20, 2009) (citation omitted). A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortgage, Inc.*, No. C 10-04761 CW, 2011 WL 11506 at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.").

Plaintiffs fail to plead non-conclusory factual allegations stating that they were damaged by the alleged RESPA violation by Defendant Guild. *Cf. Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees.' He has not actually attempted to show that the alleged RESPA violations caused any kind of pecuniary loss (indeed, his loss of property appears to have been caused by his default)."). Plaintiffs fail to allege how the failure of the Defendants to comply with RESPA, as opposed to Plaintiffs' default or the other alleged actions of Defendants, plausibly caused the damages alleged in the Complaint. *Cf. Lawther v. OneWest Bank*, No. C-10-0054 RS, 2010 WL 4936797 at *7 (N.D. Cal. Nov. 30, 2010) (granting motion to dismiss RESPA claim for failure to adequately allege actual damages); *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[S]imply having to file suit [does not] suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in."). The Court concludes that Plaintiffs fail to allege sufficient facts to support a claim under RESPA for actual damages against Defendant Guild.

### 3. Statutory Damages

To recover statutory damages, a plaintiff must plead a pattern or practice of noncompliance with RESPA. *See* 12 U.S.C. § 2605(f)(1)(b). However, Plaintiffs fail to allege

any facts to support a claim that Defendant Guild engaged in a pattern or practice of noncompliance with RESPA. *See Iqbal*, 129 S. Ct. at 1950; *cf. Lal*, 680 F. Supp. 2d at 1223 (RESPA claim deficient because "Plaintiffs flatly claim a pattern of noncompliance but state no facts other than the assurance that at trial they will present other customers who also did not receive QWR responses from Defendant."); *Garvey v. Am. Home Mortg. Servicing, Inc.*, No. CV-09-973, 2009 WL 2782128, at *2 (D. Ariz. Aug. 31, 2009) (same). The Court concludes that Plaintiffs fail to allege sufficient facts to support a claim under RESPA for statutory damages against Defendant Guild.

The Motion to Dismiss the RESPA claim against Defendant Guild is GRANTED.

### B.     Count Nine: TILA Violation

Defendants contend that "Plaintiffs admit [in the Complaint] that they received the Assignment of Deed on or about April 26, 2011—which gave them notice that the beneficial interest had been assigned." (ECF No. 4-1 at 19). Defendant contends that "even if Plaintiffs could state a claim for failure by [CHFA] to provide notice of assignment under TILA, [Plaintiffs] have not alleged any damages resulting from such failure," as required to state a valid claim for relief under 15 U.S.C. § 1641(g). *Id.*

TILA requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer...." 15 U.S.C. § 1641(g)(1). However, a creditor that fails to comply with the requirements imposed under § 1641(g)(1) only faces liability for "any actual damage sustained by such person as a result of the failure." 15 U.S.C. § 1640(a)(1) (discussing civil liability); *see Beall v. Quality Loan Service Corp.*, No. 10-CV-1900, 2011 WL 1044148 at *6 (S.D. Cal. Mar. 21, 2011) ("Plaintiff fails to state a valid claim under § 1641(g)(1). While Plaintiff alleges OneWest violated TILA, she does not allege OneWest's failure to provide notice under § 1641(g)(1) caused her to incur actual damages.") In the case of an individual action, such as this one, damages are limited to "twice the amount of any finance charge in connection with the transaction," and, in cases involving real property, such as this one, "not less than $400 or greater than $4,000." 15 U.S.C. § 1640(a)(2)(A)(i), (iv).

Plaintiffs alleges that, after Defendant MERS assigned beneficiary interest in the deed and note to Defendant CHFA, CHFA failed to give notice of the assignment to Plaintiffs as required by TILA, 15 U.S.C. § 1641(g). (ECF No. 1-3 at 30-31).  Plaintiff alleges: "From the record, it appears that CHFA became the new owner or assignee on April 28, 2011.  Plaintiffs never have had any notification of ownership change prior to the Substitution of Trustee and Assignment of Deed of Trust received on or about April 26, 2011.... To date, Plaintiffs have not received any notice as required by 15 U.S.C. § 1641(g)." *Id.* at 31.  However, Plaintiffs fail to allege that they suffered any actual damages or incurred any finance charges related to that failure.  The Court concludes that Plaintiffs fail to state sufficient facts to show a valid claim for relief under 15 U.S.C. § 1641 because they do not allege any damages as a result of the alleged violation.

The Motion to Dismiss the TILA claim against Defendant CHFA is GRANTED.

### C.     Remaining State Law Claims

The Notice of Removal alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, because the Complaint asserts federal causes of action for violations of RESPA under 12 U.S.C. § 2605 and TILA under 15 U.S.C. § 1641. (ECF No. 1 at 3).  The Notice of Removal alleges that supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the remaining causes of action alleging violations of California state law. *Id.*

The federal supplemental jurisdiction statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction...." 28 U.S.C. §1367(c); *see Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

The Court has dismissed the two claims based on federal law against Defendants.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims

against Defendants.

This case was removed from state court. The removal statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants CHFA, Guild, and MERS (ECF Nos. 4, 5) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Telephonic Appearance at the Hearing on the Motion to Dismiss (ECF No. 6) and Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 11) are DENIED as moot.

Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the California Superior Court for the County of San Diego, where it was originally filed and assigned Case No. 37-2011-00096841.

DATED: December 20, 2011

**WILLIAM Q. HAYES**
United States District Judge